UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GENEVIEVE RAELYNN BOATMAN,

Plaintiff,

v.

SARAH THUER; LAUREL DEW; KENDRA HONEA; and CALLIE BERRY,

Defendants.

Case No. 1:26-cv-01917-CL

**FINDINGS & RECOMMENDATION**

**CLARKE,** United States Magistrate Judge.

Self-represented Plaintiff Genevieve Boatman filed this action against Sarah Thuer, Laurel Dew, Kendra Honea, and Callie Berry, who are social service workers. The case comes before the Court for review of Plaintiff's Amended Complaint (ECF No. 5) to determine if it meets the screening requirements for a plaintiff proceeding *In Forma Pauperis* ("IFP"). Plaintiff's Complaint (ECF No. 1) and Application for Leave to Proceed IFP (ECF No. 2) were filed on September 15, 2026. Plaintiff filed her Amended Complaint on September 29, 2026.

Plaintiff's application to proceed IFP should be denied for failure to state a claim, and her Amended Complaint should be dismissed without leave to amend for lack of jurisdiction.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined Plaintiff is financially eligible to proceed IFP. However, because the Court declines to exercise jurisdiction, the Amended Complaint fails to state a claim upon which relief may be granted.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted).

**DISCUSSION**

As a preliminary matter, the Complaint, IFP Application, and Amended Complaint contain the full name of Plaintiff's minor children. Under Fed. R. Civ. P. 5.2(a), parties are prohibited from filing papers that contain the name of an individual known to be a minor. Only the initials of minor children should be used. The Court directs the Clerk of Court to seal Plaintiff's Complaint (ECF No. 1), IFP Application (ECF No. 2), and Amended Complaint (ECF No. 5).

**I. Federal Jurisdiction**

Plaintiff brings claims under § 1983 for the alleged deprivation of her rights protected by the First, Fourth, and Fourteenth Amendments. Plaintiff's claims arise out of a custody dispute over her "minor children that are currently in CPS custody." IFP Application ¶ 9, ECF No. 2. Plaintiff alleges that "[p]olicies of CPS were not followed before removal of [her] children." Am. Compl. Ex. F at 4, ECF No. 5-6. Plaintiff seeks "[a]n emergency and permanent injunction ordering the Oregon Department of Human Services (OOHS) to immediately return the Plaintiff's minor children to her full legal and physical custody, and to immediately cease all

unlawful family separation and parental alienation tactics." Am. Compl. Ex. E ¶ 1, ECF No. 5-5. Plaintiff also seeks declaratory, compensatory, and punitive damages.

Plaintiff packages her claims as a civil rights action. However, the core issue is the legal custody of Plaintiff's children. *See* Ex. F at 1–4, ECF No. 5-6. Federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). The Court does not doubt the sincerity of Plaintiff's allegations that she is suffering severe and ongoing emotional distress and mental anguish over the loss of custody of her children. Federal court, however, is not the appropriate forum to resolve this ongoing dispute. The Court recommends denying the exercise of federal jurisdiction.

Moreover, resolving Plaintiff's claims would problematically involve a review of state court decisions. Under the *Rooker-Feldman* doctrine, district courts may not review state court decisions. The *Rooker-Feldman* doctrine derives its name from the Supreme Court cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases, the Supreme Court held that the district courts did not have subject-matter jurisdiction over claims seeking to reverse state judicial determinations because appellate jurisdiction over state actions is left exclusively to the Supreme Court. *Rooker*, 263 U.S. at 415-16; *Feldman*, 460 U.S. at 482. Here, Plaintiff Amended Complaint cites several past and ongoing state court cases that share factual legal overlap with her claims. Am. Compl. Ex. F at 3–4, ECF No. 5-6. Resolving Plaintiff's claims in this case would inappropriately require a review of state court decisions. The appropriate forum for review of an Oregon state court decision is the Oregon Court of Appeals. In accordance with the

*Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction to review the state court rulings over the custody of Plaintiff's children.

**II. Leave to Amend**

Ordinarily self-represented litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). Furthermore, a "district court's discretion to deny leave to amend is particularly broad where a Plaintiff previously has amended the complaint." *World Wide Rush, LLC v. City of L.A.*, 606 F.3d 676, 690 (9th Cir. 2010).

In this case, allowing leave to amend would be futile because the core legal issue is the custody of Plaintiff's children. Resolving this issue is inappropriate in the federal forum especially where, as here, it would involve the review of past state court decisions and

entanglement with ongoing state court cases. The Court recommends dismissing Plaintiff's Amended Complaint and denying Plaintiff leave to amend.

**RECOMMENDATION**

The Court DIRECTS the Clerk of Court to SEAL Plaintiff's Complaint (ECF No. 1), IFP Application (ECF No. 2), and Amended Complaint (ECF No. 5).

Plaintiff's application to proceed IFP (ECF No. 2) should be DENIED, and her Amended Complaint should be DISMISSED without leave to amend.

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

DATED this 6 day of October, 2026.

MARK D. CLARKE
United States Magistrate Judge